COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NOS.  2-05-466-CR

                                                2-05-467-CR

 

 

EX PARTE 

 

 

 

 

MICHAEL RAY SPEICHER                                                                      

 

                                              ------------

 

           FROM
THE 297TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Introduction

Appellant Michael Ray
Speicher appeals from the trial court=s denial of his  motions to set
reasonable pretrial bail in two cases. 
We reverse and remand.








                            Factual and Procedural Background[2]

Appellant is awaiting trial
on indictments in two cases, one for possession of cocaine of more than four
grams but less than two hundred grams and the other for aggravated assault with
a deadly weapon.  He was released on
$10,000 bond in the possession case and $15,000 bond in the assault case.  While he was released on bond, AppellantCby his own admissionCviolated at least three conditions of bail imposed by the trial court:
he failed to appear before the court as ordered on October 20, 2005; he tested
positive for cocaine in a routine urinalysis; and he violated a protective
order by contacting the complainant in the aggravated assault case.  Appellant moved the court to set reasonable
bail in both cases.  After an evidentiary
hearing on December 9, 2005, the trial court magistrate denied Appellant
bail.  The district judge adopted the
magistrate=s order on
January 3, 2006.

                                               Analysis








All prisoners are bailable
except in capital cases when the proof is evident.  Tex.
Const. art. I, ' 11; Tex. Code Crim. Proc. Ann. art. 1.07
(Vernon 2005).  When a judge or
magistrate in whose court a criminal action is pending finds that a bail bond
is defective, excessive, or insufficient in amount, or that the sureties are
not acceptable, or for any other good and sufficient cause, such judge or
magistrate may order the accused to be rearrested and require the accused to
give another bond in such amount as the judge or magistrate may deem
proper.  Tex. Code Crim. Proc. Ann. art. 17.09, ' 3 (Vernon 2005).  Nothing in
the code of criminal procedure suggests that a trial court may deny a defendant
his constitutional right to bail pending trial, as opposed to setting another
bond at a higher amount, when the defendant violates the conditions of the
original bond.  See Ex parte
Marcantoni, No. 14-03-00079-CR, 2003 WL 1887883, at *3 (Tex. App.CHouston [14th Dist.] April 17, 2003, no pet.) (mem. op.) (not
designated for publication).

Article I, section 11a of the
Texas constitution authorizes a district judge to deny bail in certain
noncapital cases, but the order denying bail must be issued within seven
calendar days subsequent to the time of the incarceration of the accused.  Tex.
Const. art. 1, ' 11a.  The record shows that Appellant was arrested
on November 10, 2005Cmore than
seven calendar days before the December 9 bail hearing before the magistrate
judge.  The district judge did not sign
the order adopting the magistrate=s ruling until January 3, 2006. Therefore, article I, section 11a does
not justify the trial court=s decision to deny Appellant=s bail.








We therefore hold that the
trial court abused its discretion in denying Appellant=s motion to set reasonable bail pending trial.

                                             Conclusion

We reverse the trial court=s denial of Appellant=s motion to set reasonable bail and remand to the trial court to set
new bail in both cases.

 

 

ANNE GARDNER

JUSTICE

 

PANEL F:    CAYCE, C.J.; LIVINGSTON and GARDNER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
February 9, 2006











[1]See Tex. R. App. P. 47.4.





[2]Because
we did not request briefs in this appeal, we look to the clerk=s
records and reporter=s
record for the procedural history of the cases. 
See Tex. R. App. P.
31.1.